T. Appleget, Administrator, etc., plaintiff in error, v. Mary R. Greene, defendant in error.

Homestead: DEATH OF HUSBAND: PURCHASE OF OUTSTANDING NOTES BY WIFE. One G., executed certain promissory notes secured by mortgage on his homestead, and soon thereafter died. His widow then purchased the notes with her own funds, took an assignment thereof and filed them as claims against the estate. *Held*, that in no event in the absence of a showing that the estate was insolvent, would she be compelled to resort to the mortgaged property for the payment of the same.

Error to the district court for Johnson county. Heard below, before Weaver, J. The opinion states the case.

*T. Appleget & Son*, for plaintiff in error.

*Davidson & Easterday*, for defendant in error.

Maxwell, J.

In May, 1880, the plaintiff was appointed administrator of the estate of John A. Greene, deceased, by the county court of Johnson county. In November of that year, the defendant, who is the widow of John A. Greene, deceased, filed as claims against his estate, three promissory notes executed by John A. Greene to James Neolis, or order, which notes amounted to the sum of $750.00 and interest, and were secured by mortgage on the homestead of the decedent. These notes and the mortgage seem to have been purchased by the defendant with her own funds and an assignment taken to herself. No question is raised as

to the good faith of the transaction. While the claim was pending in the county court, R. L. McDonald & Co. filed a motion, supported by affidavit, to require said defendant to subject the mortgaged property to the payment of the notes, before sharing in the general assets of the estate. The notes were allowed by the county court as a claim against the estate, and the defendant was required to exhaust the mortgaged property before sharing in the general assets. From this order the defendant took the case on error to the district court, where the order of the county court, so far as it required the defendant to sell the mortgaged property, and apply the proceeds to the payment of her claim, was reversed. The administrator brings the cause into this court by petition in error.

It may perhaps be questioned whether the administrator has such an interest in the payment of the claim as to authorize him to prosecute a petition in error, but we do not place our decision on that ground. There is no statement of facts in the affidavit of R. L. McDonald & Co., from which it appears that the estate is insolvent. There is no statement showing the value of the personal assets belonging to the estate, nor the amount of the debts and claims against the same. There is a statement in the motion of McDonald & Co., that the estate is insolvent, but there is not a particle of proof to sustain it. The notes were a legal charge against the estate, and so far as the record discloses, there was no error in requiring their payment out of the personal assets. But even if the district court had erred in its judgment, McDonald & Co. do not complain of such ruling. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.